# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:03CR00070 |
| v. | ) **OPINION AND ORDER** |
| DONALD DWAIN TEASTER, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

On March 19, 2004, this court sentenced defendant Donald Dwain Teaster to twenty years' incarceration and four years' supervised release. That sentence was imposed, in part, because Teaster pleaded guilty to being a felon in possession of a firearm in violation of the Armed Career Criminal Act ("ACCA") due to three prior qualifying convictions — escape and two separate counts of breaking and entering.[1] The escape conviction was considered a qualifying crime under the ACCA's "residual clause," 18 U.S.C. § 924(e)(2)(B).

On June 26, 2015, the Supreme Court determined that the ACCA's residual clause was unconstitutionally vague and invalid under the Due Process Clause.

---

[1] Teaster also pleaded guilty to possession with intent to distribute methamphetamine and possession of a firearm during a drug trafficking offense.

*Johnson v. United States*, 135 S. Ct. 2551 (2015). In accordance with *Johnson*, Teaster filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, pursuant to permission from the court of appeals to file a successive motion and the Federal Public Defender has filed an Unopposed Amended Motion for Relief, seeking expedited consideration of the § 2255 motion.

The escape conviction used to enhance Teaster's sentence under the ACCA's residual clause no longer qualifies as a predicate offense.[2] It is represented that the United States does not oppose Teaster's request that I vacate his current sentence and impose a new sentence without the ACCA enhancement. Therefore, I will grant the § 2255 motion and resentence Teaster.

The appropriate new sentence for Teaster is not clear from the current record. The revised advisory guideline range is represented to be 130 to 147 months imprisonment. Teaster has served over 152 months. However, in order to determine whether Teaster is eligible for immediate release from incarceration, as he contends, I must determine whether a within-guidelines sentence is appropriate.

---

[2] Teaster notes that a conviction for escape does not qualify under the force clause of the ACCA. *See United States v. Aparicio-Soria,* 740 F.3d 152, 153 (4th Cir. 2014) (en banc) (concluding that the crime of resisting arrest does not satisfy the force clause of the ACCA because it can be accomplished without violent force). It also does not qualify as an enumerated offense. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (concerning crimes involving burglary, arson, extortion, or explosives).

To that end, the Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF Nos. 50 and 52) are GRANTED, and the clerk SHALL close the § 2255 case. The United States is DIRECTED to provide the court information regarding Teaster's conduct while incarcerated and the Probation Office is DIRECTED thereafter to prepare an Addendum to the defendant's Presentence Investigation Report in which the advisory sentencing guideline range is recalculated using the current version of the Guideline Manual, without the ACCA enhancement.

ENTER: May 19, 2016

/s/ James P. Jones
United States District Judge